## SNODDY ET AL., *Ex Parte.*

JURISDICTION OF SUPREME COURT: *Mandamus.*

The Supreme Court has no jurisdiction to issue a mandamus to the clerk of the Circuit Court to compel him to perform a duty enjoined upon him by law, though the circuit judge, from interest in the cause, is disqualified to act.

PETITION for *Mandamus* to Clerk of Circuit Court of Crittenden County.

EAKIN J. This is an original application to this court for a writ of mandamus to the clerk of the Circuit Court of Craighead County, for the Jonesboro District. The petition shows, with reasonable certainty, that the regular circuit judge was disqualified to act in a great many cases in which petitioners were plaintiffs, and that, before a special judge, at the September term 1884, an order was obtained for a change of venue in all of them, to the Circuit Court of Greene County. An order was then made

upon the clerk to make out copies of the record entries, attach them to each case, and forward or deliver them to the clerk of the Greene County Circuit Court, as required by law in such cases.   That plaintiffs in due time tendered the clerk the sum of $8.50 for his fees for such transmission, which was more than enough, at the rate of ten cents a mile, going to and returning from the county seat of Greene.   That the clerk then refused and still refuses to make this transmission, and they now make this application here, because the circuit judge is interested in all the suits as defendant and a party to one of them, as also is the clerk.   They pray that the clerk be compelled by mandamus and other appropriate proceedings in this court to do his duty.

Making no question of the validity of the order for removal, and the due tender of the proper fees, the question here is one of jurisdiction.

This court has a very limited original jurisdiction, confined strictly to writs of *quo warranto* to circuit judges and chancellors; and also officers of political corporations, (when the question involved is the legal existence of any such corporation.) (*Const.*, *art. 7*, *sec. 5*.)  In all other cases the jurisdiction is appellate only.  (*Ib.*, *sec. 4*.)  It nevertheless has a general superintending control over all inferior *courts* of law and equity, and *in aid of* either its appellate jurisdiction upon the merits of a cause, or its supervisory control over inferior courts to compel them to perform their proper functions, and to restrain them within their proper jurisdictional limits, it may issue either in bank or by one of its judges, the writs of error, supersedeas, certiorari, habeas corpus, prohibition, mandamus, quo warranto or any remedial writs.  (*Ib.*)  These writs, however issued, to be nevertheless heard and determined by the court.  *Ib.*

A statute of January 23, 1875, provides for a change of

venue in civil cases, and directs that the clerk of the Circuit Court, when such order may be made, "shall make and file with the papers a certified copy of all the orders in the case, and upon the payment of transmission fees hereinafter provided, shall transmit the papers in the case to the clerk of the court to which the venue is changed" by some safe and convenient mode. The cause will then stand for trial in the court to which the order has committed it, at the first term which commences more than ten days from the filing of the papers of the case in the office of the clerk of such court. This obviously is not a case of original jurisdiction, nor is it of an appellate nature. No action of the court is made subject of complaint, nor has the court done anything requiring this court to exercise its superintending control. It is the clerk individually who is represented as disobeying the order of his court, and refusing to perform a duty enjoined upon him by law, regardless of the order. It supervenes upon the order of changing the venue. There is nothing upon which we may lay hold to support jurisdiction. All courts, and especially the superior courts of original jurisdiction, have within their proper spheres the original control of the operation of their proceedings, and the discipline of their recusant officers, subject to correction for error or abuse of discretion, and subject to be set in motion when having no discretion as to acting, they refuse to act. This is said in reference to the superintending control. In aid of appellate proceedings we may send writs of certiorari and habeas corpus to officers and individuals, but our superintending control must be directed to the *courts* themselves.

In criminal cases where the provisions of the law with regard to the transmission of the papers are analogous to those in civil cases, it has been held that the jurisdiction

of the cause does not vest in the court to which it is removed on change of venue, until the transcript is lodged there. (*Burris v. State, 38 Ark., 222*.) The performance of the clerk's duty in criminal cases is well enough secured by a penalty not exceeding $500 in case of failure (*Gantt's Digest, sec. 1883*), to be recovered in a civil action for the use of the common school fund. No such provision is made touching civil cases, but the common law remedies for neglect of duty and upon the clerk's bond remain open.

It had already been held in *Haglin & Pope v. Rogers, Circuit Judge, 37 Ark., 491*, in construing the act for change of venue in civil cases, that the jurisdiction of the court to which the cause was sent depended not so much upon the payment of the fees, as upon the receipt by the clerk of the necessary papers and copies of the record, authenticated by the seal of the court from which they were sent. The exact point of time at which the jurisdiction attached was not however the direct point then in judgment, as the question was whether without payment of the fees in fifteen days, the jurisdiction could ever attach at all. The result of these decisions, however, seems to be this: that the substituted court acquires no jurisdiction to compel the clerk of the first court to fulfill his duty in transmitting the papers. Most properly the court making the order for change of venue should, upon proper showing, compel the performance of its own order or ministerial duty of its own officer which springs from the order.

This is the more obvious, as the failure of the clerk to transmit the papers, may involve an issue of fact, in case he should contend that the fees had not been paid in time and that the order was void. This would be a matter which the regular judge ought not to determine, being interested, but it would not follow that this court would

thereby acquire jurisdiction *ex necessitate.* We would by entertaining the application exercise original jurisdiction to try the fact in issue. The determination of the question whether the jurisdiction remains in the Circuit Court of Craighead for all purposes, the transfer having been abortive, is a question for that court itself in the first instance. If further proceedings there be necessary, a special judge may be again elected.

Application denied.