## STATE v. SAMS.

Opinion delivered December 3, 1906.

1. SUPREME COURT—JURISDICTION IN QUO WARRANTO.—The Supreme Court has no original jurisdiction to issue a writ of quo warranto to prevent usurpation of the office of road overseer. (Page 40.)

2. CIRCUIT COURT—RESIDUARY JURISDICTION.—The remedy for usurpation of the office of road overseer, not having been vested elsewhere, is by an action in the circuit court, brought either by the State or the person entitled to the office. (Page 40.)

Petition for quo warranto; writ denied.

. *Robert L. Rogers, Attorney General,* and *Johnson & Huddleston,* for plaintiff.

1. Did the county court have the power to declare a vacancy in the office when none in fact existed, and proceed to fill the vacancy by appointment? Compare Acts 1895, 463; Kirby's Digest, § 7230; Mansf. Dig., § 5893; Acts 1889, 156; Kirby's Digest, § 7342; Acts 1899, 353 § 13; Kirby's Digest, § 7228.

The statute prescribes no time within which a road overseer shall qualify after he is elected. Where a statute concerning a public office does not fix its beginning for any day certain, a reasonable time will be given. 17 Cal. 11; 39 N. J. L. 14. Mere failure of an officer to file his bond within the time prescribed by law does not, *ipso facto,* vacate his office. 43 Ala. 568; 44 Ala. 696; 44 Mo. 230. See also 44 Ga. 501. Under the provisions of Kirby's Digest, § 7228, no vacancy would occur until the January term, 1907, of the county court.

2. Exclusive original jurisdiction is not conferred upon the county court in suits of this kind. 50 Ark. 266.

*J. D. Block* and *Murphy, Coleman & Lewis,* for defendant.

1. This case can not be maintained. It is not within the original jurisdiction of this court. Art. 7, § § 4 and 5, Const.; 37 Ark. 318; Id. 81; 39 Ark. 82; 39 Ark. 126; 44 Ark. 221; 48 Ark. 82. The writ and information as original proceedings are abolished by the Code. 75 Ark. 443.

2. If the case were properly here on appeal, then it would be insisted that the Const., art. 7, § 28, in conferring upon the county court exclusive original jurisdiction of all matters relating to the county roads, precludes the Legislature from making each political township in the county a road district, and from making overseers elective.

RIDDICK, J. One Charles D. Fossett was in September, 1906, elected road overseer of a road district in Greene County of this State. He failed to qualify as such on or before the 1st day of October following, and the county court which convened in regular session on that day declared the office vacant, and appointed P. H. Sams to fill the same. Sams thereupon qualified, and assumed to discharge the duties of the office. Afterwards the State, on relation to the Attorney General, filed a petition in this court, alleging that Sams was usurping the office of road overseer without right, and to which De Fossett is entitled, and asked that a writ of quo warranto issue against Sams, and that he be compelled to show under what authority he holds such office.

In response to such petition Sams, among other defenses, denied that this court has authority to issue such writ in a case of this kind. We are of the opinion that the objection is well taken. Under the Constitution this court has no original jurisdiction to issue writs of quo warranto to prevent usurpation of the office of road overseer. Const. 1874, art. 7, § § 4 and 5; *Louisiana & N. W. Rd. Co.* v. *State,* 75 Ark. 443; Ex parte *Snoddy,* 44 Ark. 221.

As the law does not expressly vest jurisdiction to hear and determine such an action in any other court, it falls within the general jurisdiction of the circuit court. The remedy for usurpation of office of road overseer is by an action in that court brought either by the State or the person entitled to the office.

*Whittaker* v. *Watson,* 68 Ark. 555; *Payne* v. *Rittman,* 66 Ark. 201; Const. 1874, art. 7, § 11; Kirby's Digest, § § 7981-7989.

Writ denied and petition dismissed.