STATE *ex rel.* THE ATTORNEY GENERAL *v.* EHLE.

### Opinion delivered April 13, 1914.

1. ATTACHMENT—PROPERTY OF NONRESIDENT DEFENDANT—VIOLATION OF ANTI-TRUST LAW.—A general attachment can not be levied upon the property of a nonresident defendant, in order to enforce a penalty for a violation of the anti-trust laws of the State. (Page 388.)

2. ATTACHMENT—PROPERTY OF NONRESIDENT DEFENDANT—VALIDITY.—A general attachment levied on the property of a nonresident defendant, for a violation of the State anti-trust laws, by the Attorney General in behalf of the State, to recover a penalty, is invalid, as the claim is not a debt or demand arising upon a contract. (Page 388.)

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

While the amount which might be recovered in this case is indeterminate, yet there is a basis provided for ascertaining definitely the amount to be recovered. There is certainly a contractual relation between the defendant and the State of Arkansas, the obligation of which attached when he embarked in business in this State, and we can see no good reason why an action for a penalty will not support attachment. If the remedy is not clearly excluded by the statute, it should be sustained. 24 So. (Ala.) 847; 3 Blackstone Com., 159; 92 Fed. 672; 213 U. S. 108; Fed. Cas. 13341.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The action is for the recovery of penalties, and is clearly one arising *ex delicto*. The statute does not authorize an attachment except where the claim is based upon a debt or demand arising upon contract. Kirby's Dig., § 344; 48 Ark. 302; 56 Ark. 592; 58 Ark. 440; *Id.* 601; 1 Shinn on Attachments, § 26; Drake on Attachments, § 10.

McCULLOCH, C. J. The Attorney General instituted this action on behalf of the State against the defendant, L. C. Ehle, to recover penalties for alleged violations of the anti-trust laws of the State, it being alleged in the complaint that defendant owns certain oil mills in the State and is engaged in the business of selling and buying cotton seed in several of the cities and towns, and that he unlawfully entered into and became a member of a pool or trust with certain corporations engaged in the same line of business to fix and maintain the price of cotton seed in the State.

Defendant was, and is, a nonresident of the State, and the Attorney General, at the commencement of the action, sued out a writ of general attachment and caused same to be served upon property of defendant.

Defendant appeared specially by his attorney, and, without entering his appearance in the action, moved to quash the attachment on the ground, among others, that the cause of action set forth in the complaint does not constitute a debt or demand arising upon contract.

The court sustained the motion and quashed the attachment, and the State has appealed.

The defendant being a nonresident and absent from the State, there was no method of acquiring jurisdiction by personal service nor by constructive service unless it be held that the attachment was proper.

The statutes of this State provide that "an attachment shall not be granted on the ground that the defendant or defendants, or any of them, is a foreign corporation or nonresident of this State for any claim other

than a debt or demand arising upon contract.'' Kirby's Digest, § 344, subdiv. 8.

In the case of *Messinger* v. *Dunham,* 62 Ark. 326, which is the only decision of this court bearing directly on the question, Judge RIDDICK, speaking for the court, said:

''This relation of the right to attach debts and demands arising upon contract is for the purpose of excluding actions for torts and actions where 'the contract relations between the parties do not furnish a basis upon which the measure of liability may be ascertained,' '' citing 1 Wade on Attachments, § 12.

Another decision of this court bearing, to some extent, upon the question is that of *Baltimore & Ohio Telegraph Co.* v. *Lovejoy,* 48 Ark. 301, where it was held that the language of the Constitution limiting the jurisdiction of justices of the peace excluded an action to recover a penalty. The court said:

''Unless, therefore, this is an action *ex contractu,* the objection must be sustained. Now, a relation of contract does exist between the sender of a message and the telegraph company. But the action to recover the statutory penalty does not arise on the contract to transmit, but on the statute which imposes the penalty for neglect of the duty which the company owes to the public.''

The authorities seem to be uniform, as far as an expression has been made at all, on statutes confining the right to attachments to actions arising *ex contractu.*

''In order for plaintiff to be entitled to the writ, it is essential that contractual relations exist between him and defendant, or else that the contract be made for his benefit.'' 4 Cyc. 440.

Our statute is almost a literal copy of the provision of the Kentucky Code on this subject, except that the latter adds the words ''express or implied, or a judgment or award,'' and the Kentucky Court of Appeals construed the statute to confine attachments against nonresidents or foreign corporations to those based upon con-

tract.  *Stewart* v. *Blue Grass Canning Co.,* 133 Ky. 118, 117 S. W. 401.

The Ohio statute contains the same provision with reference to attachments against nonresidents, and the Supreme Court of that State decided that an attachment could not be issued unless the cause of action was ''based solely on a breach of duty'' and ''that the duty arose by contract.''  *Pope* v. *Hibernia Ins. Co.,* 24 Ohio St. 481.

In Shinn on Attachments, Vol. 1, § 26, the statement on this subject is that ''it is an almost universal rule that an attachment may not issue for the recovery of a penalty.''

The Attorney General, among other authorities, relies upon a decision of the Alabama court *(Geo. F. Dittman Boot & Shoe Co.* v. *Mixon,* 120 Ala. 206, 24 So. 847).

But decisions of that court on this subject are of no value for the reason that their statute is entirely different.  In that State the right to an attachment is not limited to actions of ''debt or demand arising upon contract,'' as in this State, but they allow the remedy in any case where the cause of action is based upon ''any money demand.''

The Attorney General also relies upon the general principle that when a nonresident or foreign corporation does business in the State there is a contract implied that the laws of the State will be complied with and all just demands of the State satisfied.

There is, in a sense, an implied contract to respond to all just demands and liabilities, whatever the source may be; but that is not what is meant by our statute, which was intended to embrace only debts and demands, that is to say, liabilities, based upon contractual relations voluntarily established by the parties.

It is also argued that the right to recover the penalty and the amount thereof is fixed as definitely by the statute as any liability can be fixed by contract and that the elements of certainty as stated in the opinion of this court in *Messinger* v. *Dunham,, supra,* are met as completely in the one kind of action as in the other.  But the

lawmakers have seen fit to prescribe the contractual relation as the test, not the mere certainty fixed by statute.

The decision of the circuit court is correct and the judgment is therefore affirmed.