BYNUM v. PATTY.
AND
DeVILBISS v. THOMPSON.

4-7494 184 S. W. 2d 254

Opinion delivered December 18, 1944.

*Ira D. Oglesby,* for appellant.

*R. B. Chastain* and *Hardin, Barton & Shaw,* for appellee.

ROBINS, J. These two cases, involving the same sub-ject-matter, were consolidated and tried together in the lower court. Each was brought in the municipal court of Fort Smith, Arkansas, by a tenant against the land-lord to recover under the provisions of the Emergency Price Control Act, enacted by Congress on January 30, 1942, 50 U.S.C.A. App., § 901. Appellant, Chester Bowles, administrator, Office of Price Administration, asked and was granted leave to intervene in circuit court. The circuit court, on appeal from judgments of the municipal court, sustained demurrers of the defendants, holding that the municipal court had no jurisdiction of the sub-ject-matter involved, and dismissed both suits. The cor-rectness of the findings and orders of the circuit court is challenged on this appeal.

These suits are based on the following provisions of the Emergency Price Control Act of Congress:

"Sec. 205 (e). If any person selling a commodity violates a regulation, order, or price schedule prescrib-ing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an ac-tion either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purpose of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buy-ing or selling of a commodity, as the case may be. . . . Any suit or action under this sub-section may be brought in any court of competent jurisdiction and shall be in-stituted in one year after delivery is completed or rent is paid. 50 U.S.C.A. App., § 925(e).

"It shall be unlawful . . . for any person . . . to demand or receive any rent for any defense-area, housing accommodations, . . . in violation of any regulation or order under section 2, . . . or of any price schedule effective in accordance with the provision of section 206, . . . or to . . . agree to do any

of the foregoing." 56 Stat. 28, c. 26, Title I, § 4, act January 30, 1942, 50 U.S.C.A. App., § 904.

Wilful violation of the act is also made punishable by fine of not more than $5,000 or imprisonment for not more than two years. Section 205 (b) *Idem.*

In the case of *Bynum* v. *Patty,* it was alleged in count 1 of the complaint that appellant, Bynum, rented from appellee, Patty, for the month of February, 1943, a certain apartment in Fort Smith, and that said appellee had charged and collected as rental therefor $35 per month, whereas the maximum rental for said apartment as fixed by the Fort Smith Rental Office, Office of Price Administration, under the Emergency Price Control Act of Congress, was $30 per month. Recovery of $5 excess rent paid, $50 damages and a reasonable attorney's fee was prayed in this count. The complaint contained seven other counts, alleging similar overcharge, and asking similar relief, for each of the months from March to September, 1943, inclusive.

In the case of *DeVilbiss* v. *Thompson,* appellant, DeVilbiss, alleged in count 1 of her complaint that appellee, Thompson, charged said appellant $8.50 as rent for a room in appellee's home in Fort Smith, together with linens and laundry service, for the week beginning July 20 and ending July 27, 1943, whereas the maximum weekly charge for said rental and service as fixed by the Fort Smith Defense Rental Office, Office of Price Administration, was only $8 per week. Damages of $50 for said excessive charge, together with reasonable attorney's fee and costs were demanded. Twenty-one other counts, each covering subsequent weeks up to and including the week of December 14 to December 21, 1943, showing similar overcharge and demanding like relief, were contained in the complaint.

The civil jurisdiction of the Fort Smith Municipal Court is thus fixed by § 9905 of Pope's Digest of the laws of Arkansas: "Concurrent with justices of the peace and exclusive of the circuit court in all matters of

contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; concurrent with justices of the peace and with the circuit court in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest; concurrent with the justices of the peace and with the circuit court in suits for the recovery of personal property where the value of the property does not exceed the sum of three hundred dollars; and concurrent with the justices of the peace and with the circuit court in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars. . . ."

A municipal court, like a justice of the peace court, is a court of limited and restricted jurisdiction. Under art. VII, § 11 of the Constitution of Arkansas, all judicial power not lodged in other courts by express constitutional or statutory provision is vested in the circuit court. *Evans* v. *Percifull,* 5 Ark. 424; *Payne* v. *Rittman,* 66 Ark. 201, 49 S. W. 814; *Whittaker* v. *Watson,* 68 Ark. 555, 60 S. W. 652; *State* v. *Sams,* 81 Ark. 39, 98 S. W. 955.

To hold that the municipal court had jurisdiction of these suits it would be necessary to find these suits were "on contract," because (save as to certain suits for recovery of personal property and for damage thereto) under the statute a municipal court is given no civil jurisdiction except as to suits "on contract." These were not suits to enforce a contract, or to establish liability under a contract, or to recover for breach of a contract. On the contrary, they were suits to recover damages for doing what was denounced as illegal by the Emergency Price Control Act. Therefore the suits were not "on contract" so as to be cognizable in the municipal court.

We do not have here an attempt to recover back money obtained by extortion or deceit, in which case the law sometimes implies a promise by the one unjustly enriched to repay the amount wrongfully obtained (17 C.

J. S. Contracts, § 6, p. 324; *Caldwell* v. *Missouri State Life Insurance Co.*, 148 Ark. 474, 230 S. W. 566); but appellants here are seeking statutory damages, allowed as a punishment for an alleged overcharge in rent. While there are some decisions in which courts have apparently held that a statutory liability might be enforced as a *quasi*-contractual liability, on the theory that there was an implied assumption of the burdens of the statute by all parties, in our opinion the reasoning on which these decisions is based is not sound, and this theory has already been rejected by us in the case of *State ex rel.* v. *Ehle*, 112 Ark. 385, 166 S. W. 535. There the question involved was the state's right to have a writ of attachment levied against the property of a non-resident defendant in an action to recover for violation of the anti-trust laws of the state. At that time the statute authorized attachment proceedings against the property of a nonresident only in actions for "debt or demand arising upon contract." In support of the state's right it was urged that there was an implied contract on the part of the defendant to satisfy all just demands of the state. Chief Justice Mc-Culloch, speaking for the court, said in that case: "The Attorney General also relies upon the general principle that when a non-resident or foreign corporation does business in the state there is a contract implied that the laws of the state will be complied with and all just demands of the state satisfied. There is, in a sense, an implied contract to respond to all just demands and liabilities, whatever the source may be; but that is not what is meant by our statute, which was intended to embrace only debts and demands, that is to say, liabilities, based upon contractual relations voluntarily established by the parties."

Much of the argument on behalf of appellants has been devoted to a contention that these were not suits to recover a penalty. We do not find it necessary to determine whether the amounts recoverable under the federal law relied on here were penalties. It suffices to say that these are not suits "on contract"; and it was essential

to jurisdiction of the municipal court that they be of that nature.

Since the municipal court had no jurisdiction of these suits the circuit court acquired none on appeal. *Harnwell* v. *Hollenberg Music Company,* 178 Ark. 98, 13 S. W. 2d 297.

The judgments of the lower court dismissing both suits for want of jurisdiction were, therefore, correct and are accordingly affirmed.