Dodd MILES *v.* Byron SOUTHERN, Fred Hunt, and
Wayland Roberts

88-176                                             760 S.W.2d 868

Supreme Court of Arkansas
Opinion delivered December 5, 1988
[Supplemental Opinion on Denial of Rehearing
January 30, 1989.*]

*Holt, C.J., and Dudley and Newbern, JJ., dissent.

*Gill Law Firm*, by: *Joe D. Calhoun*, for appellant.

*Southern, Allen & James*, by: *Beth Briscoe Carson*, for appellees.

TOM GLAZE, Justice. The appellees initiated this litigation by filing in the Pulaski County Municipal Court a tort claim for trespass against the appellant, asserting the appellant's connecting pipeline to Little Rock's sewer system was wrongfully constructed on the appellees' property. The appellees claimed $1,309.00 in damages to have the pipeline fixed and removed after they discovered and damaged the pipeline when excavating their property. Appellant denied these allegations, claimed the appellees had filed a frivolous lawsuit and prayed for damages for having to defend against the suit. The municipal court granted judgment to appellees. Appellant then appealed to the circuit court, and in that appeal, appellees moved to dismiss (nonsuit) their own claim and to dismiss appellant's counterclaim, which appellees suggested, "appears to be for malicious prosecution." Appellant responded by claiming he had an absolute right to a trial *de novo* on his counterclaim. Pursuant to ARCP Rule 11, appellant also moved for sanctions against appellees.

The circuit court granted appellees' motion to dismiss both the appellees' complaint and the appellant's counterclaim, and it further denied appellant's motion for sanctions. The court later denied appellant's motion for reconsideration and entered its order dismissing with prejudice both the appellees' complaint and appellant's counterclaim.

On appeal, the appellant raises several issues which include his asserted right to a *de novo* trial in circuit court and the circuit court's improperly dismissing with prejudice both parties' actions and denying the appellant's request for ARCP Rule 11 sanctions against appellees. A paramount issue, however, is

whether the municipal court had subject matter jurisdiction to decide appellees' cause of action in the first place. Although this argument was not raised below, it is well settled that this court may consider subject matter jurisdiction for the first time on appeal. *See Venhaus* v. *Hale,* 281 Ark. 390, 663 S.W.2d 930 (1984).

In reviewing the record, we find the appellees' trespass claim was based on assertions that the appellant wrongfully constructed a sewer line on the appellees' property. Appellees sought damages from appellant because they were required to remove and repair the sewer line after appellant refused to do so. Clearly, appellees' claim was a trespass on land action, which is not cognizable in municipal court. In this connection, municipal court jurisdiction is set forth in amendment 64 to the Arkansas Constitution and Ark. Code Ann. §§ 16-17-206(a) and 16-17-704 (1987) which provide as follows:

Amendment 64:

[M]unicipal courts shall have jurisdiction concurrent with circuit courts (a) in matters of contract where the amount in controversy does not exceed three thousand dollars ($3,000) excluding interest, (b) in suits for the recovery of personal property where the value of the property does not exceed three thousand dollars ($3,000), and (c) in all matters of damage to personal property where the amount in controversy does not exceed three thousand dollars ($3,000) . . . .

§ 16-17-206(a):

(a) Municipal courts and justices of the peace shall not have jurisdiction in civil cases where a lien on land or title or possession thereto is involved.

§ 16-17-704:

(a) The municipal court shall have original jurisdiction, coextensive with the county wherein the court is situated, over the following matters:

(1) Exclusive of justices of the peace and of the circuit court, over violations of all ordinances passed by the city council of the city or quorum court of the county wherein

the municipal court is situated;

(2) Exclusive of justices of the peace in townships subject to this subchapter and concurrent with the circuit court, over misdemeanors committed with the county and the issuance of search warrants within the county;

(3) Concurrent with justices of the peace, and exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars ($100), excluding interest;

(4) Concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of three thousand dollars ($3,000), excluding interest;

(5) Concurrent with the circuit court in actions for the recovery of personal property where the value of the property does not exceed the sum of three thousand dollars ($3,000);

(6) Concurrent with the circuit court in matters of damage to personal property where the amount in controversy does not exceed the sum of three thousand dollars ($3,000), excluding interest;

(7) Concurrent with the circuit court in matters of claims for personal injury or injury to persons where the amount in controversy does not exceed three thousand dollars ($3,000).

(b) Municipal courts shall have jurisdiction to sit as examining courts, and to commit, discharge, or recognize offenders to the court having jurisdiction of the trial, and to bind persons to keep the peace or behavior.

(c) The jurisdiction of the courts as provided in this subchapter shall be coextensive with the county. In counties having two (2) judicial districts, the jurisdiction shall be limited to the district in which the court is situated.

As can be discerned from the foregoing, Arkansas law, constitutional and statutory, provides municipal courts with no authority to hear and decide actions concerning damages to

land. Accordingly, the municipal court lacked subject matter jurisdiction of appellees' original action in the instant case, and because the municipal court had no jurisdiction of appellees' cause, the circuit court acquired none on appeal. *See Bynum* v. *Patty,* 207 Ark. 1084, 184 S.W.2d 254 (1944). Thus, the circuit court should have reversed that part of the appellant's appeal from the municipal court's judgment with direction to dismiss appellees' original trespass on land action.

■ We are still confronted with appellant's contention that he has an absolute right to a *de novo* trial in circuit court on his counterclaim for malicious prosecution and that the trial court erred in dismissing his claim with prejudice. The major problem with appellant's argument is that neither the abstract of record nor the transcript reflects a counterclaim that alleges a cause of action for malicious prosecution against the appellees.[1] In *Farm Service Corp.* v. *Goshen Farms,* 267 Ark. 324, 590 S.W.2d 861 (1979), the court enumerated the essential elements for the tort of malicious prosecution as follows:

(1) A proceeding instituted or continued by the defendant against the plaintiff.

(2) Termination of the proceeding in favor of the plaintiff.

(3) Absence of probable cause for the proceedings.

(4) Malice on the part of the defendant.

(5) Damages.

As noted above, the court in *Goshen Farms* held that the plaintiff must allege and prove the original proceedings terminated in his favor. *Id.* Here, appellant has simply failed to allege facts to state a cause of action for malicious prosecution, and for this reason

---

[1] The trial court apparently dismissed the appellant's counterclaim for malicious prosecution because the appellees prevailed in municipal court. On appeal, appellees appear to rely on the trial court's ruling, but also argue ARCP Rule 12(b)(6). Of course, we affirm the trial court where it is correct, but states the wrong reason for its ruling. *Ratliff* v. *Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984). The trial court's decision to dismiss appellant's countrclaim was clearly correct regardless of whether it announced an erroneous reason for doing so.

alone, the trial court was correct in dismissing any such claim.

■ Appellant also complains that when the trial court dismissed the counterclaim, the court should not have done so with prejudice. From the record, we are unable to determine why appellant's counterclaim was dismissed with prejudice, nor can we find where the appellant questioned the trial court's authority to do so except that appellant did appeal from the order of dismissal.[2] Because we have decided that the appellant failed to state a cause of action, the court's dismissal should have been without prejudice. *See Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Appellant next argues the circuit court erred in refusing to impose sanctions against appellees pursuant to ARCP Rule 11. That rule provides (1) that the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper filed in the judicial proceeding, and (2) that, to the best of his knowledge, information and belief formed after reasonable inquiry, those documents are well-grounded in fact and are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The rule further provides that the pleading, motion or other paper is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11 also provides for certain sanctions when the rule has been violated.

This court has had few opportunities to consider Rule 11. However, we believe the recent federal case of *O'Connell* v. *Champion Intern. Corp.*, 812 F.2d 393 (8th Cir. 1987) is worthy of note in our consideration of the Rule 11 issue argued here. In *O'Connell*, the defendant, the moving party for Rule 11 sanctions claimed the plaintiff had brought their actions knowing the statute of limitations would provide a good defense. While the district court agreed that the plaintiffs' respective claims were barred by the statute of limitations, it refused to impose sanctions

---

[2] Appellant did specifically question the trial court's authority to enter the order with prejudice in a pleading captioned, "Defendant's Reply to Response to Defendant's Motion to Supplement," which was filed four months after the appellant filed his notice of appeal. There is nothing in the record that shows that issue was presented to the trial court.

against the plaintiffs. In upholding the trial court's ruling, the court of appeals said the following:

> This determination that the plaintiffs'.conduct was justified rests upon . . . the District Court's intimate familiarity with the case, parties, and counsel, a familiarity we cannot have. Such a determination deserves substantial deference from a reviewing court. Judged by this standard, the District Court's decision to deny sanctions is not so far out of bounds as to justify our coming to a different conclusion at the appellate level. The imposition of sanctions is a serious matter and should be approached with circumspection.

In the present case, the circuit judge denied the appellant's Rule 11 motion, and in doing so, mentioned that the appellees previously had prevailed on the merits of their trespass claim in municipal court. While ruling on the parties' motions, the judge had the municipal court record before him as well as the motions, extensive briefs and arguments which were filed in circuit court. After a careful review of the record, we believe the circuit judge's determination deserves substantial deference on our part, and conclude that his decision is not so clearly wrong as to justify reversal. We in no way mean to suggest that a trial court is deprived from imposing Rule 11 sanctions in an abbreviated proceeding where a party's claim is dismissed for want of jurisdiction. Our holding merely reflects that, based on the record, the appellant failed to demonstrate the trial court erred in denying those sanctions.

In accordance with the above, we affirm the trial court's decision to dismiss the appellant's counterclaim but modify it to reflect the dismissal to be without prejudice; deny Rule 11 sanctions; and because the trial court did not have subject matter jurisdiction of appellees' suit on appeal, we reverse and remand with directions that the trial court reverse and dismiss the appellees' municipal court proceeding.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JANUARY 30, 1989

763 S.W.2d 656

Tom Glaze, Justice. In his petition for rehearing, appellant argues this court's opinion seemed to permit the trial court to abdicate exercising its discretion when refusing to impose Rule 11 sanctions. He suggests the only reason underlying the trial court's finding that the Rule 11 motion was without merit was that the appellees were the prevailing parties in the municipal court proceeding. In other words, appellant claims that since the trial court accorded dispositive weight to the municipal court judgment, the court thereby failed to exercise its own discretion when ruling on the motion.

Although the trial court remarked that the critical factor in denying appellant's Rule 11 motion involved the appellees' success in municipal court, the court never stated—as

appellant suggests—that the municipal court judgment was the sole reason for its ruling. As we clearly related in our opinion, the trial judge, when ruling on the parties' motions, had the municipal court record before him as well as the extensive briefs and arguments of the parties. We are unwilling to conclude that he failed to consider or ignored these matters when he dismissed this cause and denied Rule 11 sanctions.

Appellant seems to premise his argument on the fact that the evidence before the trial court showed that the appellees' trespass action against the appellant had been frivolously filed. We cannot agree. Appellees submitted evidence, along with their motion to dismiss, which countered appellant's motion and argument that the appellees' claim had no factual basis. Clearly, this evidence supports, in part, why the appellees initially brought their action against the appellant and offered a basis for appellees having prevailed in the municipal court proceeding. With this record before him, the trial judge was well within his discretion to rule that the municipal judgment favoring appellees was significant and was reason enough to show appellees' action was not frivolous nor subject to Rule 11 sanctions.

■■ Apparently, the appellant is troubled because the trial court did not specifically note such other evidence or findings when dismissing appellees' cause and denying appellant's request for Rule 11 sanctions. As noted earlier, the court only referred to the municipal court judgment that was awarded appellees. Of course, the trial court was not required to give detailed reasons for its action. Even so, under ARCP Rule 52, appellant certainly could have requested the trial court to set out facts and conclusions of law which constituted the grounds for its decision. He failed to do so. Thus, on appeal, we are relegated to a review of the entire record to determine if the record supports the trial court's decision. We have no doubts that it does. Accordingly, we conclude the trial court properly exercised its discretion in ruling on appellant's Rule 11 motion, and from our review of the record, we are unable to say it abused its discretion in denying his motion.

For the foregoing reasons, we deny appellant's petition for rehearing.

HOLT, C.J., DUDLEY and NEWBERN, JJ., would grant.

DAVID NEWBERN, Justice, dissenting. The court's original opinion is quite correct in holding that the municipal and circuit courts lacked jurisdiction of the trespass claim. We were also correct in modifying dismissal of the counter-claim so that it is without prejudice. We erred by not requiring the trial court at least to hold a hearing to determine whether sanctions pursuant to Ark. R. Civ. P. 11 would be appropriate.

The appellant, Dodd Miles, argued that the appellees, Byron Southern, Fred Hunt, and Wayland Roberts, had at least constructive notice of the subservience of their land to an easement in favor of the land owned by Miles. It is also contended that all the evidence of record indicates that Southern, Hunt, and Roberts had actual knowledge of the existence of the easement, and thus their action to recover their costs for damaging and moving Miles's sewer line was totally frivolous. These allegations do not, of course, necessarily mean that Miles is entitled to Rule 11 sanctions, however, the allegations require serious consideration.

In our opinion we noted that the trial court, in denying Rule 11 relief, "mentioned that the appellees [Southern, Hunt, and Roberts] . . . prevailed on the merits of their trespass claim in municipal court." We also noted that the trial court had before it all the pleadings, municipal court records, briefs and arguments filed in the circuit court. We did not point out that the *only* reason the trial court gave for denial of sanctions was that Southern, Hunt, and Roberts prevailed in the municipal court. That was an improper reason to give. The rule does not absolve a party of the possibility of sanctions just because he prevailed at an earlier stage of the litigation. It is easy to conceive of instances where the prevailing party might file a pleading, motion, or other paper which could violate the rule and thus require sanctions.

The majority opinion upon denial of rehearing states that it was proper for the trial court to give as its reasons for denial of Rule 11 sanctions the fact that the plaintiffs prevailed in the municipal court. What if the plaintiffs' victory there was the result of a pleading or other document filed in direct violation of Rule 11? Surely the majority would not agree that the fact that the plaintiffs won would have anything to do with the issue of whether the sanctions should be imposed. Miles's contention here

is that the complaint filed against him in the municipal court was known by the plaintiffs to be without basis. If it turns out that it was without basis and the plaintiffs knew or should have known it was without basis when they filed it, is the fact that they prevailed on such a complaint relevant? To ask the question is to answer it. The fact that one party or the other prevailed at an earlier stage of the litigation has absolutely nothing to do with whether Rule 11 has been violated.

I disagree with the suggestion of the court's opinion on denial of rehearing that the trial judge stated that the plaintiffs' victory in the municipal court was only a "critical factor" in deciding whether to award Rule 11 sanctions. That was the language the judge used in his letter responding to Miles's request for reconsideration of the dismissal of his counterclaim for malicious prosecution. In a separate paragraph in that letter, the court stated:

> In regard to the Rule 11 sanctions motion filed by the defendant, this Court finds it is, once again, without merit. A lower court has found in favor of the plaintiff and I am not prepared to invoke the stringent penalties of Rule 11 on a prevailing party.

The final order denying reconsideration states only the following with respect to denial of Rule 11 sanctions:

> In regard to Defendant's Motion for sanctions pursuant to Rule 11, such Motion is again without merit. The Court will not invoke the penalties of Rule 11 on a prevailing party, and since Plaintiffs won in the lower court, such Motion is denied.

Unlike the majority, I take the judge at his word. The record demonstrates nothing other than that the judge had only one reason for his action, and that reason was incorrect.

Miles's brief concedes that a trial court has some discretion in deciding to impose or not impose sanctions under Rule 11. The argument made, however, is that we have no evidence that the trial court exercised its discretion in this matter. There is nothing of record to show that the judge considered anything, in making the decision not to impose sanctions, other than the fact that Southern, Hunt, and Roberts had prevailed in the municipal court. If the trial court does have discretion to impose or decline to

impose Rule 11 sanctions, we have no evidence that the trial court exercised whatever discretion it may have had in the matter, and we should have remanded the case for that purpose. Unlike Miles, I cannot concede that the trial court has the kind of discretion of which I think Miles and our opinion speak. I will address that question below, after making the point that even if the trial court has that sort of discretion we should have remanded the case so that it could be exercised by the trial court.

In *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980), the trial judge decided, as was within his discretion to do, that sentences of a convict should be served consecutively rather than concurrently. In the course of making that decision, the judge spoke in open court about how the defendant had failed to present a defense, and thus had put the county to unnecessary expense of trying him. He then stated he was not necessarily making the sentences consecutive for the reason just expressed and that he normally ran jury sentences consecutively anyway as he thought that was what jurors intended. In the opinion of this court reversing and remanding the case for resentencing, Justice George Rose Smith wrote:

> The Code vests the choice between concurring and consecutive sentences in the judge, not in the jury. We commend the trial judge for his outspoken candor and would certainly condemn a resort to silence as a deliberate means of concealing an improper practice. But the trouble is, nothing in the colloquy indicates that the trial judge really exercised his discretion. Rather, he seems to have imposed consecutive sentences either because the defendant asked for a jury trial without any defense or because it was the court's rule to direct that jury sentences run consecutively. We have often said that a court proceeding should not merely be fair; it should also appear to be fair.

We should at least have sent this case back to the trial judge so that he could give consideration to whether Rule 11 sanctions were warranted. Otherwise, this case takes on the appearance that we have exercised the discretion we seem to say the trial judge had. That would be unfair because, as our opinion pointed out, the trial judge is in a much better position than we to exercise whatever discretion there may be in making the decision.

All I need say about *O'Connell* v. *Champion Intern. Corp.*, 812 F.2d 393 (8th Cir. 1987), upon which our opinion approving denial of Rule 11 sanctions was based, is that it clearly states that the trial court heard the arguments that the plaintiff had known of two defenses to his claim, one based on the statute of limitations and the other on a release from liability he apparently had executed, but that the trial court had rejected the contentions. There the trial court did not give an incorrect reason for his decision which, as in this case, indicates he thought he did not have any discretion to exercise in the matter.

In addition, I think it is error for this court to ascribe a tone to the opinion in the *O'Connell* case which seems to me to foster the attitude that a trial court could find a violation of Rule 11 and yet, in its discretion, refuse to impose sanctions. Prior to its amendment in 1986, that may have been the case, but the rule now states that upon making the finding, for example, that a party has filed a pleading not "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, . . . the court . . . *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction. . . .[emphasis supplied]." The discretion to be exercised rests wholly in the area of fact finding, for the court has no power to refuse to impose sanctions where violation of the rule is found to have occurred. I think it is a mistake to hold that the trial court has discretion in this respect. I think Judge Arnold's opinion in the *O'Connell* case should be read as pointing out that the trial court rejected, as matters of fact, that the plaintiff knew there were valid defenses to his claim.

We should grant rehearing and point out that we give deference to a trial court's finding of facts in the process of considering Rule 11 sanctions just as we do in other cases where trial judges are required to find facts and they have the witnesses and the parties and the papers before them. We should not, in this first case interpreting our Rule 11, make the mistake of saying or implying that the trial court may or may not impose Rule 11 sanctions "in his discretion" thus leaving the further implication that, even if a violation is found the trial court need not do anything about it.

I interpret our Rule 11 as leaving no discretion in the trial court to decline to impose sanctions once a violation of the rule has

been found to have occurred. However, rehearing should be granted on this aspect of the case even if the majority of the court concludes that the trial court does have such discretion because there is no evidence here that it was properly exercised or exercised at all. I would grant rehearing on the Rule 11 aspect of the case. Therefore, I respectfully dissent from the denial of rehearing.

HOLT, C.J., and DUDLEY, J., join this opinion.