## Louisville & Nashville Railroad Co., Henderson Bridge & Railroad Co., Central Trust Co. of New York v. City of Henderson.

(Decided June 20, 1913).

### Appeal from Henderson Circuit Court.

Contracts—Right of City to Tax Bridge Company—Sale of Bridge Company Property—Franchise Tax.—Under a contract between a bridge company and a city by which it was agreed that the city reserved the right to tax the bridge and its appurtenances, the city has a vested right to collect a tax on the bridge and its appurtenances, but no vested right to collect a franchise tax from the bridge company; and the sale by the bridge company of its property to another is valid, although by means of the sale, the city is disabled from collecting a franchise tax from the bridge company as it had formerly done.

CHAS. H. MOORMAN, BENJAMIN D. WARFIELD, YEAMAN & YEAMAN and H. L. STONE for appellants.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

By an act approved February 9, 1872, the General Assembly incorporated the Henderson Bridge Company giving it authority to construct a bridge across the Ohio River extending from some convenient point within the corporate limits of the city of Henderson to some convenient point on the Indiana side of the river opposite the city of Henderson, with power to purchase or take by condemnation such real estate as was necessary for the site of the bridge, piers, abutments, toll houses and such other purpose as might be necessary, and to extend a railroad over the bridge with as many sets of tracks as were deemed expedient. The company was organized under the charter. The city of Henderson enacted an ordinance granting the company certain rights and privileges. Sections 1 and 4 of this ordinance are as follows:

"1. That the Henderson Bridge Company organized under the act of the General Assembly of the Commonwealth of Kentucky, approved February 9, 1872, be and they are hereby granted the right to construct on or over the center of Fourth street in the city of Henderson and on the line thereof extended to low water mark on the Indiana side of the Ohio River such approaches, avenues, piers, trestles, abutments, toll houses and other appurtenances necessary in the erection of and for the business of a bridge over the Ohio River from a point in the city of Henderson to some convenient point on the Indiana side of said river and for such purposes the use of said Fourth street is hereby granted subject to the terms and conditions hereinafter expressed.

"4. That nothing herein shall be construed as waiving the right of the city of Henderson to levy and collect taxes on the approaches to said bridge or any building erected by said bridge company within the corporate limts of said city the bridge itself and all appurtenances thereto within the limits of said city."

The bridge was built and was maintained by the Henderson Bridge Company from the year 1885 to the 26th of June, 1906, and the Bridge Company paid to the city of Henderson taxes on its physical properties and for many years also paid to the city a franchise tax, under section 4077, Kentucky Statutes. On the 26th day of June, 1906, the Henderson Bridge Company filed in the office of the county court of Jefferson County and in the office of the

Secretary of State of Kentucky an amendment to its charter by the terms of which its name was changed to the Henderson Bridge and Railroad Company and it was authorized in addition to the rights conferred upon it by its original charter to build, construct and operate a line of railroad from the termination of its bridge approach in the city of Henderson through the city and other places in Kentucky to a point opposite Shawneetown, Illinois, and it was further authorized to transfer and convey its property to any other railroad company. By deed of date June 30, 1906, the Henderson Bridge and Railroad Company conveyed to the Louisville & Nashville Railroad Company all of its property of every kind tangible and intangible, including the bridge and all the rights, privileges and franchises of the Henderson Bridge and Railroad Company. After this deed was made the Louisville & Nashville Railroad Company paid to the city of Henderson taxes on the physical properties in the city and also paid to it such part of its franchise tax as fell to the city under Sections 4077-4081, Kentucky Statutes. On November 3, 1908, the city brought this suit against the Louisville & Nashville Railroad Company in which it set up the facts above stated, charging that the amended articles of incorporation were void in so far as they affected the right of the city to collect a franchise tax from the Henderson Bridge Company; that the whole arrangement was simply a device to defeat the city in the collection of this tax, and that under the ordinance of the city under which the bridge was constructed, the city had a contract right to collect the franchise tax from the Henderson Bridge Company. It prayed that the amended articles of incorporation and the deed to the Louisville & Nashville Railroad Company be set aside in so far as they affected the right of the city to collect the franchise tax. The court on final hearing entered this judgment:

"This cause coming on to be heard on the pleadings and the proof, and the court being advised, adjudges,

"That by virtue of the ordinance of the city of Henderson ........................, 1882, the provisions of which were approved and accepted by the defendant the Henderson Bridge Company, and under the terms of which certain franchises and privileges were granted to the said defendant by said city, and the right reserved to plaintiff to levy and collect taxes on the property of said Bridge Company within the corporate limits of the city of Henderson, the plaintiff has the contract right to have the

franchise of said Henderson Bridge Company valued and assessed by the State Board of Valuation and Assessment, or the proper authority, and to levy and collect taxes on said franchise assessment for such purposes as plaintiff is, by law, authorized to levy and collect taxes."

The court further adjudged that the amended articles of incorporation and the deed to the Louisville & Nashville Railroad Company be set aside so far as they affected the rights of the city to collect the taxes and adjudged that the State Board of Valuation and Assessment or other proper authority, shall value and assess the franchise of the Henderson Bridge Company as a corporation separate and distinct from the Louisville & Nashville Railroad Company. The Railroad Company appeals.

The propriety of the judgment depends upon the proper construction and legal effect of the ordinance of the city under which the bridge was built. It will be observed that by the first section of the ordinance the Bridge Company is given the right to construct "such approaches, avenues, piers, trestles, abutments, toll houses, and other appurtenances necessary in the erection of, and for the business of a bridge over the Ohio River." By the 4th section of the ordinance it is provided that nothing therein shall be construed as waiving the right of the city of Henderson to levy and collect taxes "on the approaches to the said bridge or any building erected by said Bridge Company within the corporate limits of said city, the bridge itself and all appurtenances thereto, within the limits of said city." It is manifest that the word "appurtenances" is used in sections 1 and 4 in the same sense and refers to the appurtenances to the bridge within the limits of the city; that is, the city reserved the right to tax the bridge itself and all the other physical property appurtenant to the bridge and lying within the city. The tax on this physical property has been paid. The thing in question here is the franchise tax of the Henderson Bridge Company. Did the city by its ordinance reserve the right to collect a franchise tax upon the Henderson Bridge Company, assessed under section 4077, Kentucky Statutes? The answer to the question depends upon what that tax is. In Henderson Bridge Co. v. Commonwealth, 99 Ky., 623, where the court had this question before it, after reviewing the provisions of the Constitution and the statute, it thus summed up its conclusion:

"In the light of the foregoing provisions of the Constitution, and of the act of the Legislature, and of the instructions given to the Board of Valuation and Assessment and of the sworn statement demanded of the president of the company, on which, with other testimony to make this valuation, we are constrained to say that by this term capital stock the Legislature meant to include the entire property, real and personal, tangible and intangible, all assets on hand, and its franchise as well, and that when so embraced and construed and valued as an entirety, then to take off the tangible property already assessed, and that the net balance will show and shall be the value of the franchise to be taxed under section 4077."

An appeal was taken from that judgment to the Supreme Court of the United States, and in affirming the judgment that court said:

"The tax in controversy was nothing more than a tax on the intangible property of the company in Kentucky, and was sustained as such by the Court of Appeals as consistent with the provisions of the Constitution of Kentucky in reference to taxation." (Henderson Bridge Co. v. Ky., 166 U. S., 150).

The construction of the statute thus announced has been uniformly maintained by this court since. (Louisville, Etc., Ferry Co. v. Commonwealth, 104 Ky., 735; Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 167; So. R. R. Co. v. Coulter, 113 Ky., 668; Cumberland Tel. Co. v. Hopkins, 121 Ky., 850; Commonwealth v. Walsh's Trustee, 133 Ky., 122; Commonwealth v. Cumberland Tel. Co., 124 Ky., 539; So. Pac. Co. v. Commonwealth, 134 Ky., 410).

The ordinance under which the bridge was constructed retained in the city the right to tax the physical property of the Bridge Company within the city and its right to tax this property cannot be affected by an amendment of the articles of incorporation of the Bridge Company. But the ordinance of the city retained in the city no right to collect a tax on the intangible property of the bridge company; and the franchise tax under section 4077, Kentucky Statutes, being merely a tax on the intangible property of the corporation, the city has by this ordinance no contract right that this tax shall always be paid, and when the corporation sold out and no longer had any intangible property, the right of the city to collect a franchise tax from it was at an end. No right of the city has

been violated by the amendment of the articles of incorporation, or by the sale of the bridge property to the Louisville & Nashville Railroad Company; for the city had no right to demand that the Bridge Company should continue in existence, and thus continue to be liable for a franchise tax to it. When it collects its tax on the physical property its contract right is satisfied. The franchise of the Henderson Bridge Company is now owned by the Louisville & Nashville Railroad Company, and the value of this franchise goes to swell the value of the franchise of the Louisville & Nashville Railroad Company. The fact that the city does not receive as much tax from the railroad company as it did from the Bridge Company is no more material than if the city got a larger sum from the railroad company than it would get from the Bridge Company. Taxation laws must be uniform, and it is impossible to avoid occasional inequalities. The Bridge Company having the legal right to sell out and having exercised its right in a legal manner, the city cannot complain.

Under sections 4096 and 4098, Kentucky Statutes, the physical properties of the Bridge Company are to be valued "for the purpose of being operated as a carrier of freight and passengers," including engines and cars, depot grounds and improvements and other real estate. When the physical property of the Bridge Company is assessed under this rule and the city collects its taxes on the assessment it collects taxes "on the approaches to said bridge or any building erected by said Bridge Company within the corporate limits of said city, the bridge itself and all appurtenances thereto, within the limits of said city," as provided in the ordinance. The city has no vested right to anything more. If the Legislature should repeal sections 4077-4081, Kentucky Statutes, and make no provision for a franchise tax, leaving the law as it was in 1882 when the contract was made, the city could not complain.

Judgment reversed and cause remanded for a judgment as above indicated. Judge Turner dissents.