## American Railway Express Company v. Commonwealth

(Decided June 20, 1919.)

Appeal from Anderson Circuit Court.

(Five Cases.)

1. Criminal Law—Combining Fines in One Judgment—Jurisdiction. —Jurisdiction can not be conferred on this court by combining in one judgment several fines aggregating a sum within the court's jurisdiction, where each of the fines is below the jurisdictional amount.

2. Municipal Corporations—Validity of Ordinance Imposing Fine— Appeal.—By section 3519, Kentucky Statutes, the validity of an

ordinance of a city of the fourth class may be tested by appeal from a judgment of the police court to the circuit court and thence to the Court of Appeals in all cases where fines of $20.00 or' less are imposed or authorized.

3. Municipal Corporations—Validity of Ordinance Imposing Fine—Jurisdiction.—In each of the five cases brought upon this appeal the fine imposed was $20.00, and this court has jurisdiction of each case since each question the validity of an ordinance of a city of the fourth class.

4. Taxation—License Tax—Invalidity of Ordinance.—The payment of a franchise tax to the city by a corporation required to pay same under sections 4077-4091, inc., Ky. Stats., and which has obtained or is not required to obtain a franchise from the city under 164 of the Constitution, renders invalid as to such corporation, an ordinance which imposes a license tax on the privilege of such corporations doing business in the city, or upon the privilege of exercising therein any agency or instrumentality indispensably necessary to the conduct of its business, such as maintaining therein an office and an agent.

TRABUE, DOOLAN, HELM & .HELM, T. B. HARRISON and CHARLES C. FOX for appellant.

R. F. FELAND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant was found guilty and fined in the Lawrenceburg police court upon each of five warrants charging it with "having committed the offense of engaging in an occupation for which a license is required without first procuring or paying for a license." The five cases were by agreement heard together and without a jury, and while the defendant's guilt and the imposition of a fine of $20.00 under each warrant is set out in separate paragraphs of a single judgment, but one recovery is adjudged thereon and that for $100.00, the aggregate of the five fines assessed, with costs in all five cases.

Upon a single appeal bond and supersedeas the defendant appealed to the circuit court, where however the five cases were separately docketed and upon an agreed statement of facts, all were again submitted to the court together and without a jury, resulting in another single judgment for $100.00 and costs in all five cases against defendant, following separate findings of guilt and the imposition of a fine of $20.00 in each of the five cases. From that judgment the company has prosecuted a single appeal to this court.

That the parties with the consent of the trial court can not by combining several cases and having the aggregate amount of the several fines adjudged   in   one judgment, confer jurisdiction upon this court it does not possess as to any of the combined cases considered separately, was held and the reasons given therefor by this court in the recently decided case of Adams Express Co. v. Bradley, 179 Ky. 239.   But by section 3519 of the statutes, a part of the charter of cities of the fourth class to which Lawrenceburg belongs, it is provided the validity of an ordinance of such a city may be tested by appeal from the judgment of the police court to the circuit court, and thence to the Court of Appeals, "in cases where fines of twenty dollars or less are imposed or authorized," a provision for testing the validity of an ordinance of a city of this class radically different from the method provided for testing the validity of ordinances of cities of the fifth and possibly other classes.  Sevier v. City of Barbourville, 180 Ky. 553.

Since the fine imposed in each case was $20.00 and defendant's only defense was the alleged invalidity of the city ordinance under which the warrants were issued and the fines imposed, it is manifest that we have jurisdiction to review the judgment in each case, all five of which are here.

2.    The ground upon which the invalidity of the ordinance is question is asserted, is that the defendant by reason of having paid to the city its franchise tax for the year 1918, is exempt from the imposition by the city for the same year of a license or occupational tax.

Appellant cites and relies upon the case of Cumberland Tel. & Tel. Co., &c. v. Hopkins, &c., 121 Ky. 850, where we held that the payment of a license fee could not be imposed by the city of Eminence upon either a railroad company or a telephone company, which had paid to the city for the same period a franchise tax under sections 4077-4091, inc., of Kentucky Statutes, although the city had express legislative authority so to do under section 3637 Kentucky Statutes, a part of the charter of cities of the fifth class, to which Eminence belonged.

This because the attempted license tax was a tax upon a privilege included in the property tax already imposed as a franchise tax, and therefore a tax upon the same property against the same owner for the same year, and double taxation in violation of the uniformity of taxation required by section 171 of the Constitution.

It was further held in that case that the power thus given "to impose and collect license fees upon all franchises is revenue provision" although coupled with other matters more properly coming under the head of police powers, and that the franchise tax paid by the corporations, although a property tax, was not distinct from the occupation tax the town under legislative authority was attempting to impose upon them.

The appellant here had paid to the city of Lawrenceburg exactly the same kind of a franchise tax under sections 4077-4091, inc., of the statutes as the railroad company and telephones company had paid to the city of Eminence and the contested license tax was imposed under express and similar legislative authority in both instances, the authority being given to the cities, the one of the fourth and the other of the fifth class, by sections 3490 and 3637, respectively, of the statutes.

There is therefore no point of difference in the two cases, if as a matter fact the privileges attempted to be licensed are the same. In the Eminence case the license was upon the railroad company's selling tickets and handling freight, and upon the telephone company's maintaining an exchange in the city, and the doing of these things was essential to the exercise of the franchise within the city; but it is only the essential things a corporation must do in order to exercise its franchise that are covered and taxed by the imposition of the franchise tax, as has been clearly pointed out by the court in Adams Express Co. v. Boldrick, 141 Ky. 111, and Cumberland Tel. & Tel. Co. v. Calhoun, 151 Ky. 241, in both of which the Eminence case, *supra,* was approved, but in each of which a license tax was held to be valid, although the complaining corporations had paid, as has appellant, a franchise tax under sections 4077-4091, inc., of the statutes, the distinction being, as explained in the Boldrick case, that although a city may not tax a corporation's right to do business in the city after collecting from it a franchise tax, it may nevertheless impose a license fee upon such agencies or instrumentalities as are not essential or indispensable necessities in the conduct of its business, and which the company has elected to adopt as a means of facilitating or increasing its business.

It therefore becomes necessary to examine the ordinance involved here, to determine whether it imposes a

license fee upon an essential agency or instrumentality employed by appellant in conducting its business in the city. If it does, this case is controlled by the Eminence case, *supra,* and the ordinance being evidently a revenue measure and not a police regulation, is invalid as to appellant.

It seems to be agreed by counsel, although there is no copy of the ordinance in the record, and is indicated by the warrants, that the ordinance imposes an annual license tax that shall be paid by various persons and corporations for doing business in the city of Lawrenceburg and that the provision thereof applicable to appellant is as stated in brief for appellant:

"For each express company maintaining an office or agent in the city. $25.00."

As the company could not conduct its business in the city without both an office and an agent, it is clear that both the agency and the instrumentality upon which the tax is imposed are essentials and indispensably necessary in conducting appellant's business in the city, and this case comes squarely under the Eminence case as explained in the Boldrick case.

The Calhoun case, *supra,* is not applicable because it is conceded appellant was not required to procure a franchise from the city under section 164 of the Constitution in order to entitle it to do business therein.

Wherefore, the judgment in each case is reversed and the cause remanded with directions to dismiss the warrants.

DISSENTING OPINION BY CHIEF JUSTICE CARROLL.

The opinion of the court is rested on the opinion in L. & N. R. R. Co. v. Hopkins, 121 Ky. 850. In that case the court had before it two cases, one involving the right of the city to require the Cumberland Telephone & Telegraph Co. to pay a license tax, and the other involving the right to exact a license tax from the L. & N. R. R. Company.

I agree with so much of that opinion as exempted the telephone and telegraph company from payment of a license tax, because, it had paid the city a consideration for the privilege of doing business there, when it bought from the city a franchise under section 164 of the Constitution.

But so much of the opinion as holds that both it and the railroad company were exempt from the license tax on the ground that the tax paid on the value of their intangible property under the assessment of the state board of valuation and assessment, was in effect the payment of a privilege tax for the right to do business in the city, should I think be overruled.

The state, under sections 4077-4091, requires this express company and other like companies, to pay a property tax on the value of their property employed in business in this state; and the value of the property so employed in the state is assessed by the state tax commission, and the tax distributed by the commission to each county, city and taxing district in the state, in proportion to the extent of the lines in each county, city and taxing district.

This method of assessment was adopted because it was not thought practicable or just to permit the taxing authorities in the various taxing districts, through which they run, to assess the property employed in business in each of them. And all of the opinions of this court, except, the Hopkins case, *supra,* hold that the assessment of these companies is based solely on the value of their property employed in business in the state, and that on the value of this property alone they are taxed.

The Hopkins case, however, goes beyond this and in conflict with many cases that have been written by this court before and since that opinion was handed down, declares that corporations like this express company are paying a franchise or privilege tax under and by virtue of the state tax commission's assessment, to every taxing district in which they are doing business for the right to do business in this state. In so holding the Hopkins case stands by itself, and a diligent search assisted by counsel in the case has failed to discover any authority in or out of the state sustaining it.

It is of course true that the value of the intangible property of a carrier corporation, like this express company, depends largely if not entirely on the volume of business that it does, and likewise true, that if it did no business, its intangible property would have little if any value, but this circumstance can have no bearing on the question we have in this case.

We are not here concerned with the factors that go to make up the value of the intangible property of these

corporations or the volume of business they do; these are matters for the state tax commission to deal with when it comes to fix the value of the intangible property for assessment purposes.

The only question in this case is, does the payment by this corporation of a tax on its intangible property, although the value of this property is created by the business it does, amount to the payment of a license tax to Lawrenceburg and the other cities in which it does business? That it does not is, I think, conclusively demonstrated, when it is, as it must be admitted, that the tax on its intangible property is a property tax.

No provision had ever been made in our tax laws for a property tax that includes a license tax. The two classes of taxes are as separate and distinct as a municipal street improvement tax and a state school tax. They are separately treated in all text books and in all court opinions. One is a tax upon the property that the taxpayer owns, the other is a tax he pays for the privilege of doing business. He may own property worth a million, but he will pay no license tax unless he engages in a business subject to such tax.

He may not own any property of any kind, but yet if he goes into a business, such for example as auctioneering, he must pay a license tax.

One tax is authorized by section 171 of the Constitution, the other by section 181 of the Constitution. They are kept separate and apart in the whole scheme of taxation.

If the license tax due by this corporation is included in, and was a part of, the property tax paid by it to the city of Lawrenceburg when it collected its property tax, why should it not be said with as much force and truth that the merchant when he pays his property tax also pays his license tax?

I submit that the mere fact that the corporation pays on its intangible property, while the merchant pays on his tangible property, cannot be made the basis of any distinction such as was made in the Hopkins case.

Intangibles such as bonds, notes and capital stock, are as much property as lands and cattle.

It may be asked why the correctness of the principle laid down in the Hopkins case has been permitted to stand unchallenged for a dozen years. A sufficient answer to this is, that, in the case we have, the rule an-

nounced in the Hopkins case is directly drawn in question for the first time since that opinion was handed down.

The result of its affirmance in this case will be, that this company and others doing a common carrier business, as well as all the corporations mentioned in section 4077, will be exempt from the payment of the license tax to the cities and towns of the state, that all other persons and corporations doing business therein, are being, and will be required to pay.

I can think of no just or sound reason why this express company should occupy any different position from that of any other person or private corporation doing business in the city of Lawrenceburg, all of whom are required to and do pay a license tax for the privilege of carrying on their business, in addition to the property tax that they do and must pay on the property employed in carrying on the business they are engaged in.

The city of Lawrenceburg, under an ordinance that admittedly it had the power to adopt, exacts from all persons engaged in any kind of business in the city, an annual license fee, in addition to the property tax imposed upon all property in the city.

When the American Railway Express Company is singled out by the opinion from other persons doing business in the city of Lawrenceburg, it is put in a class by itself and the especial favor is granted it of exemption from a license tax, that every other person and private corporation doing business in the city must pay.

This exemption is put upon the sole ground that this company has paid, and is paying to the city a franchise tax for the privilege of doing business there, and therefore the exaction of a license tax would be taxing it twice for the same thing. If this contention was sustained by the law or the facts, I would find no fault with the opinion.

But it is not, and the error in the opinion consists in the fact that it assumes that this company has paid, and is paying, a franchise tax to the city for the privilege of doing business there, when as a matter of fact and truth, the city has never attempted to exact from it, nor has it ever paid to it directly or indirectly or in any way, a franchise or privilege tax of any kind.

It pays as do all other carrier corporations, a property tax to the city, estimated on the value of its property

employed in business in the state, as found by the state tax commission, and this is the only character of tax it has ever paid to the city.

The only difference between the position of the merchant or other private corporation and this company, in respect to the assessment and payment of a property tax, is found in the fact that the property of the merchant and the private corporation is assessed by the local assessor, while the property of this company is assessed by the state tax commission, and it certifies to the city that proportion of the tax due by the company, that is represented by its property employed in business in the city.

Nor does this company pay any franchise or privilege tax to the state of Kentucky. The state has never exacted from it any tax of any sort for the privilege of doing business in the state.

Much more might be said in the pertinent support of the views I have briefly expressed, but other pressing duties oblige me to conclude with the statement of these propositions:

(1) The tax paid by this company to the cities, towns and taxing districts through which it runs, is not a privilege or franchise tax paid for the right to do business in the state or any city or town thereof; it is a property tax levied on its intangible property in the state for the benefit of the taxing districts in which it does business, as much so as the tax paid by individuals on their lands, notes, bonds and stocks. Henderson Bridge Co. v. Comm., 99 Ky. 623; Commonwealth v. Cumberland Tel. & Tel. Co., 124 Ky. 535; L & N. R. R. Co. v. City of Henderson, 154 Ky. 575; City of Newport v. South Covington St. Ry. Co., 156 Ky. 403; Kentucky Heating Co. v. City of Louisville, 174 Ky. 142; L & N. R. R. Co. v. Greene, Auditor, 244 U. S. 522; 61 Law Ed. 1291; Adams Express Co. v. Ohio, 166 U. S. 185; 41 Law Ed. 965; Adams Express Co. v. Kentucky, 166 U. S. 171, 41 Law Ed. 965.

(2) A license tax for the privilege of doing business in the state or in a city or town may be exacted in addition to the property tax laid on the property employed in the business, and such a tax is not double taxation. Constitution, section 181; City of Covington v. Wood, 98 Ky. 344; Wilson Bros. v. City of Lexington, 105 Ky. 765; City of Louisville v. Schnell, 131 Ky. 104;

Hager, Auditor v. Walker, &c., 128 Ky. 1; City of Louisville v. Sagalowsiki, 136 Ky. 324; City of Louisville v. Weikel, 137 Ky. 784; Gordon v. City of Louisville, 138 Ky. 442; Greene, Auditor v. National Surety Co., 186 Ky. 353; Nebraska Telephone Co. v. City of Lincoln, 82 Neb. 59, 28 L. R. A. (N. S.) 221.

(3) When a corporation for a valuable consideration has secured from a city or town under section 164 of the Constitution, the privilege of doing business in the city or town, it cannot be again taxed by the municipality for the privilege of carrying on its business there. Cumberland Tel. & Tel. Co. v. Hopkins, 121 Ky. 850; Adams Express Co. v. Boldrick, 141 Ky. 111; Cumberland Tel. & Tel. Co. v. City of Calhoun, 151 Ky. 241.

(4) As the case was practiced and the decision grounded on the assumed conclusive authority of the Hopkins case in which the subject of interstate commerce was not mentioned, I have not thought it necessary to consider the question as to the right of the city to put a license tax on a carrier like this, engaged in interstate commerce. I may say however that as it is stipulated that this company does both an interstate and an intrastate business, the power to require it to pay a reasonable license tax for the privilege of doing intrastate business seems to be settled in the cases of Pacific Express Co. v. Seibert, 142 U. S. 339, 35 Law Ed. 1035; Osborne v. State of Florida, 164 U. S. 650, 41 Law Ed. 586.

I think the judgment should be affirmed.