# Newby, et al. v. Union Bank & Trust Co., Admr., et al.

(Decided June 23, 1922.)

## Appeal from Fayette Circuit Court.

1. Wills—Construction—When Effective.—By reason of section 4839, Ky. Statutes, a will speaks and takes effect with reference to property passing under it, as if it had been executed immediately before the death of the testator unless a contrary intention appears in the will, and a devise of testatrix's real estate to her son for life with the further provision that he should "be provided a home on the land I own and this land is not to be sold" except by order of court for reinvestment, is not sufficient to show she intended the will should speak when written rather than at her death, so as to confine the devise to the son to the proceeds of the land she then owned but later sold, rather than to other land she owned and occupied as a home with her son at death.

2. Wills—Construction.—The testatrix having devised all her personalty to her son absolutely, he took as personalty such portion of the proceeds of the land owned by the testator when the will was executed which she later sold, and upon his death it passed to his heirs.

H. E. ROSS and B. F. MENEFEE for appellants.

MILLER & MILLER and CHARLES FRIEND for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Mrs. Anna King, by her will as altered by a codicil, devised to her only child, Major L. King, her personalty absolutely and her real estate for life, with remainder to his descendants if any, and if none, in equal shares to appellants and appellees other than the trust company. The codicil also contains the provision, "It is my further will that as long as Major L. King lives he be provided a home on the land I own, and this land is not to be sold unless the proceeds thereof, under the directions of the Fayette county court, are reinvested in equally as good land under like terms and conditions."

When the codicil was executed on November 4th, 1916, Mrs. King owned 50 acres of land, upon which she and her son resided, about $4,800.00 in cash and some little other personal property. On the 29th day of April, 1918, she sold her farm for $5,000.00 cash and $5,000.00 due in one year, which was evidenced by a note of grantee, and to secure payment of which a lien was retained upon the land.

In July, 1918, she purchased a house and lot in Lexington, to which she and her son moved, and later she bought an adjoining vacant lot. While residing in this property with her son she died on the 18th of February, 1919, and her son continued to reside in this home until his death, without descendants, on February 9th, 1920.

It will be noticed that Mrs. King's death occurred before the maturity of the $5,000.00 purchase money note secured by lien on the 50 acres of land, and the only question presented by this appeal is whether the proceeds of this note, collected after her death, passed under her will as personalty or real estate.

If personalty, as is admitted by appellants, all beneficial interest therein vested in her son at her death, and upon his death thereafter intestate, descended to his heirs, who are appellees, and the lower court so decided. It is insisted, however, for appellants, that the entire will, and especially the clause of the codicil quoted above, evinces a fixed purpose and intention upon the part of the testator that her son should have only a life estate in the 50-acre farm, with remainder therein to them and appellees, and that if same should be sold the proceeds thereof should be reinvested in other lands upon like terms and conditions; that she died while carrying out that purpose and while the $5,000.00 note was yet a lien on the land, and that it is therefore made clear that it was not her intention to give this sum derived from the sale of the farm to her son as personalty, but that it was treated and considered by her as real estate at all times until her death, and must be so treated in the distribution of her estate.

There are several reasons which render this ingenious argument untenable. In the first place there is nothing whatever in the will or codicil, or the circumstances under which they were executed, to support the assumptions (which are the basis of the whole argument) that Mrs. King devised the particular 50-acre farm to her son for life and the named remainderman, or that she, after she sold her farm, intended to reinvest this $5,000.00 in other real estate upon like terms and conditions.

When she executed her original will in which she devised her entire estate to her son for life with remainder to appellees, she owned in addition to the fifty acres upon which they lived, another tract containing 13¾ acres. She

sold this latter tract for $4,800.00 cash, and almost immediately executed the codicil giving her son absolutely "All of my personal property *left at my death,* after the payment of my just debts;" devised her real estate to him for life with the remainder to appellants and appellees.

The evident purpose of the codicil was to give her son absolutely the $4,800.00 recently acquired from the sale of the 13¾ acre tract of land, or whatever personalty she had at death, and to secure to him as a home for life her home then consisting of a 50-acre farm, but neither the $4,800.00 nor the farm she then owned is referred to or specifically devised.

It is therefore not from the terms of the will itself but from a knowledge of the facts and circumstances under which it was executed that it can be ascertained what particular property the testator had in mind and intended to devise by the general terms employed. Nor is there anything whatever in the will itself or the circumstances under which it was executed to indicate that the testator intended that it should speak and take effect with reference to her realty and personalty as of the date of its execution rather than as the date of her death, unless it be found in the provision of the codicil providing that the land devised to her son for life should not be sold except for reinvestment in other land under like terms and conditions.

That this provision cannot be given that effect is, it seems to us, apparent, because it is equally applicable whether applied to the farm the testator owned when the will was executed or to the city property she owned at her death. If it referred to the farm where she and her son lived when the will was executed, it could not have referred to the city home which she owned at her death.

To hold that it applied to the farm which she had sold, and did not apply to the home she had established in the city for herself and her son, would obviously defeat her purpose and plans of providing a home for her son out of her real estate as long as he lived.

The prohibition in her will against the sale of the property she left to her son for a home was, of course, not a prohibition against a sale by herself, but clearly was meant to apply only after her death and to the home she left for her son, which was certainly the city

property she owned at death, and not the farm which she herself had sold.

Section 4839, Ky. Statutes, provides:

"A will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator unless a contrary intention shall appear by the will."

We are therefore of the opinion that this will must be construed with reference to the personalty and real estate owned by Mrs. King at her death, and not when the codicil was executed.

Moreover, even if this codicil could be construed to have devised the particular real estate then owned by the testator to her son and the named remaindermen, which it does not, the sale thereof by the testator would have been an ademption of the devise to appellants, under section 2068, Ky. Statutes, since they are not her heirs. Durham's Admr. v. Clay, 142 Ky. 96, 134 S. W. 153; Reynolds' Extr. v. Reynolds, et al., 187 Ky. 241.

Then, again, if the codicil under which alone appellants have any part in the estate could be construed against the testator's son and his heirs as speaking only at the time of its execution and with reference to the real estate then owned by her, it would have to be construed likewise against appellants, and they would not have been entitled thereunder to the shares adjudged to them in her after acquired city property.

Judgment affirmed.