CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. GAGE.

Opinion delivered October 28, 1918.

1. MASTER AND SERVANT—SCOPE OF EMPLOYMENT.—A railroad company is liable for a malicious prosecution instituted without probable cause by its freight agent against plaintiff for breaking the seal of a freight car where the agent has custody of the contents of the car, and the prosecution was instituted for the purpose of recovering same, even though the agent exceeded his authority in instituting the prosecution.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE.—Evidence *held* to justify a finding that a prosecution was instituted without probable cause.

3. SAME—PRESUMPTION OF MALICE.—Where a prosecution was instituted witl out probable cause, an inference of malice is justified.

4. SAME—ADVICE OF OFFICER AS DEFENSE.—The fact that defendant in an action for malicious prosecution laid the facts before a justice of the peace and acted entirely upon his advice in instituting the prosecution does not necessarily constitute probable cause.

Appeal from Yell Circuit Court, Danville District; *A. B. Priddy,* Judge; affirmed.

*Thomas S. Buzbee* and *George B. Pugh,* for appellants.

1. Briggs acted in good faith. He went to a justice and laid the whole case before him and followed his advice. No action for malicious prosecution lay against Briggs and certainly none against the company. U. S. Comp. St. 8603; 73 Ark. 437; 71 *Id.* 351; 186 S. W. 312; 193 *Id.* 520; 107 Ark. 74. The justice of the peace had jurisdiction. U. S. Comp. St. § 1674. R. S. § 1014; 64 Ark. 453; 82 *Id.* 252.

2. Briggs had no authority, express or implied to institute the prosecution, nor was it within the scope of his authority. The company was not liable for his acts. 87 Ark. 424; 65 *Id.* 144.

3. Briggs was a resident of Logan County and served with summons there, and if the judgment of the company is not upheld no judgment could be rendered against Briggs. K. & C. Dig. § § 7512-13.

*Robert J. White,* for appellee.

1. The acts charged in the warrant were criminal. U. S. Comp. St. § 8603.

2. The justice's advice was no defense. 204 S. W. 748.

3. Briggs had authority as the agent of the company to cause the arrest and acted within the scope of his authority and employment. 56 Ark. 245; 96 S. W. 551. The company ratified the conduct of Briggs. 96 S. W. 553; 31 Cyc. 1582.

4. The evidence is amply sufficient to sustain the judgment against the company, but if insufficient, the appearance, pleading and going to trial on the merits without objection to the service, waived irregularities. 90 Ark. 316; 38 *Id.* 102; 35 *Id.* 276; 85 *Id.* 246; 84 Fed. 939; 3 Ark. 30; 81 *Id.* 41-46.

McCulloch, C. J. This is an action instituted by Claud Gage against the railway company and Briggs, one of its employees, for damages alleged to have been sustained by reason of prosecution maliciously instituted against appellee by Briggs. There was recovery below of a small amount of damages, and defendants have appealed.

Plaintiff was a farmer living in Franklin County, Arkansas, and desiring to ship a carload of maize from a point on defendant's railroad in Texas to Booneville, Arkansas, obtained from the district freight agent at Oklahoma City a statement concerning the rate on such shipment in carload lots, and he was furnished with a rate of twenty cents per hundred pounds on a minimum of 30,000 pounds per car. On the faith of that statement concerning the rate, plaintiff ordered a carload of maize, which was shipped to him from Lela, Texas, to Booneville, Arkansas, and the total amount of the freight, according to that rate, was $61.60. When the car reached Booneville, its destination, plaintiff was notified from the railway office of the arrival of the car, and the amount of freight charges thereon, and the next day he repaired to the station with twelve teams for the purpose of taking away the freight. He offered a check to the agent for the amount of the freight charges, which was refused solely on the ground that the agent was only authorized to receive cash, and plaintiff then went to a bank in the town for the purpose of securing the funds, or to have the bank certify the check. Before leaving the railroad office, however, he stated to the agent of the company that he would start his teamsters to loading the maize from the car to the wagons so that there would be no loss of time. On

plaintiff's return from the bank, after having secured the indorsement of the bank for the payment of the check, the agent informed plaintiff that a mistake had apparently been made in the rate and that he was directed by the general freight agent at Little Rock to collect the sum of $161.50, instead of the amount originally stated in the bill. Plaintiff refused to pay the additional amount, and insisted on continuing to unload the contents of the car into the wagons. It appeared that at that time the car was being unloaded by plaintiff's teamsters. Pursuant to an understanding between plaintiff and the railroad agent, the latter communicated again with the general freight agent at Little Rock to verify the last statement of the amount of the freight, and in a short time telegraphic advice was received from the Little Rock office insisting upon the payment of the corrected freight bill of $161.60. Plaintiff again refused to pay the amount and left town with his wagons loaded with the maize, practically all of it having been taken out of the car.

Briggs was the agent of the company at Booneville. He occupied the position of station agent and yard master. His duties, among other things, were to take charge of the property of the company at that place, to deliver freight and collect the charges. When Briggs ascertained that plaintiff had left Booneville with his wagons loaded with the maize taken from the car, he went over to the office of a justice of the peace, and, after consultation with the latter, made necessary affidavit to sue out a warrant of arrest against the plaintiff under a Federal statute which makes it a violation for any person to unlawfully break the seals of any railroad car containing interstate or foreign shipments. 8 U. S. Compiled Statutes of 1916, p. 9287. The warrant was issued by the justice of the peace and placed in the hands of the sheriff, who executed it by taking the plaintiff into custody at a point on the public road about three miles from Booneville. The arresting officer insisted on taking the wagons into his custody as well as the person of plaintiff himself, but upon the plaintiff's protest he decided not to do that, and plain-

tiff was allowed to proceed with his wagons, but was re-
quired to report to the officer at Booneville the next day,
which he did according to their agreement. Plaintiff
appeared at Booneville the next day, and with the assist-
ance of friends paid the remainder of the freight bill as
claimed by the station agent, and the prosecution was
thereupon dismissed.

It is insisted in the first place that the verdict of the
jury is not supported by the evidence, in that it fails to
show that Briggs, the agent who instituted the prosecu-
tion, did so under authority from the railway company.
Counsel for defendants rely upon cases which hold that
agents of a corporation with authority merely to exercise
control over property of the principal have no authority
to institute civil actions or criminal prosecutions in the
name of the principal without express authority having
been conferred. In other words, that it is not within the
scope of the authority of such agent to institute actions,
either civil or criminal, for the redress of prior wrongs or
the punishment of past offenses. It may be conceded that
that is the correct rule of law when applied to cases
merely involving the institution of a civil action or crimi-
nal prosecution without express authority. *Little Rock
Traction & Electric Co.* v. *Walker,* 65 Ark. 144. But there
is more involved in the present consideration than the
mere institution of an action by the agent for the prin-
cipal. Here we have the fact that the agent was placed
in custody of the property of the principal with authority
to protect it, and the evidence clearly shows that the
criminal prosecution was instituted, not for the purpose
of punishing a past offense, but as a means of regaining
possession of the property. Briggs was authorized to
hold the consignment of freight until the charges were
paid, and to prevent it from being carried away, and from
this there was implied authority to adopt the necessary
means to regain the property as it was being taken away.
Having that authority, his principal is bound for any
damages which resulted from any act done, even though
that particular act constituted an excess of authority.

*Railway Company* v. *Hackett*, 58 Ark. 381; *St. L., I. M. & S. Ry. Co.* v. *Grant*, 75 Ark. 579; *Little Rock Railway & Electric Co.* v. *Dobbins*, 78 Ark. 553.

If Briggs had used excessive physical force in holding the property or in retaking it as it was being hauled away, his principal would undoubtedly have been responsible for the act, even though there was no authority to use such force. That being true, it is difficult to perceive how responsibility can be escaped for the improper use of criminal process to accomplish the same end. While the company would not be responsible for the mere unauthorized acts of instituting a criminal prosecution, yet, if that was a thing done pursuant to the business of the company in regaining its property, there is liability on the part of the principal, even though the particular method used by the agent in performing the master's business was unauthorized. *Little Rock Railway & Electric Co.* v. *Dobbins, supra.*

Our conclusion, therefore, on this point is that the evidence is sufficient to show that Briggs possessed authority from the railway company to do whatever was necessary to protect the property, and that the company was responsible for his act in wrongfully and maliciously instituting the criminal prosecution as a means to secure the return of the property or the payment of the freight bill.

The evidence was also sufficient to justify the finding that the prosecution was instituted without probable cause within the meaning of the law on that subject. It is undisputed that plaintiff broke the seals of the car, or at least authorized one of his teamsters to do so, but there is a disputed question of fact whether or not the breaking of the seals was unlawful or whether it was done with the consent of the station agent. Plaintiff testified that before the dispute came up about the amount of the freight bill, and at a time when the station agent was only claiming the sum of $61.60, according to the original bill, he stated to the agent that in order to save time he would start his teamsters unloading the car while he was going

to the bank to make the arrangement to get the money to pay the bill, and that the agent made no objection. According to plaintiff's testimony, the only question at issue between them was the method of paying the original amount claimed, $61.60, and that the agent made no objection at that time to his proceeding to open the car and unload it while he was getting the money from the bank. Under this state of facts, the jury might have reasonably drawn the inference that the station agent consented to the breaking of the seals, and, if that was true, the breaking was not unlawful within the meaning of the Federal statute.

The institution of the criminal prosecution under the circumstances shown in the case being found to be without probable cause, an inference of malice on the part of the agent was justified.

Briggs testified that he laid the facts before the justice of the peace and acted entirely upon the latter's advice, but the advice of such an officer in the institution of criminal prosecutions does not necessarily constitute probable cause. *Kable* v. *Carey*, 135 Ark. 137, 204 S. W. 748.

It is conceded that defendant railway company claimed an excessive amount of freight, which was subsequently refunded. The good faith of Briggs as agent of the company was, under the circumstances, a question of fact for the jury in determining whether or not there was malice in the institution of the prosecution.

It is not contended that the instructions of the court were erroneous. Judgment affirmed.