## CARL LEE v. WESTARK INVESTMENT COMPANY AND McILROY BANK

5-5998                                485 S.W. 2d 712

Opinion delivered October 16, 1972

*Little & Lawrence,* by: *Clayton N. Little* and *J.L. Hendren,* for appellant.

*Ball, Gallman & Martin,* for appellees.

J. FRED JONES, Justice. This is an appeal by Carl Lee from a judgment of the Washington County Circuit Court sustaining a demurrer filed by Westark Investment Company and McIlroy Bank to a complaint filed by Carl Lee to set aside a summary judgment previously rendered in favor of Westark and McIlroy in a suit filed by Carl Lee for a real estate commission.

The facts, as we gather them from so much of the record that is before us, appear as follows: The appellant Carl Lee filed suit in Washington County Circuit Court against Ottis Watson and other individuals as well as against Westark Investment Company and McIlroy Bank, alleging that he was entitled to a real estate commission from them in connection with the sale of a shopping center in Washington County which he originally thought belonged to Watson but which in fact belonged to Westark and McIlroy. It appears that Westark and McIlroy moved for summary judgment and supported their motion with the affidavit of their president, Ellis Burgin, to the effect that they had not hired plaintiff to find a buyer for the shopping center, nor had they authorized Watson to do so. Apparently no counter-affidavit or other pleading in opposition to the motion was filed by Carl Lee. In any event, the summary judgment was entered on December 16, 1969, and apparently no further action was had in the matter until after September 2, 1970, on which date Ellis Burgin testified in a separate chancery court action involving the same property. The appellant Lee, in the memorandum brief he filed in the trial court, points up the real issue before the court in language as follows:

". . . the Court had no choice but to grant the motion [for summary judgment] since plaintiff then had no sworn testimony with which to rebut Burgin's assertions. Now, however, plaintiff has Burgin's own sworn testimony of September 2, 1970, which contradicts and rebuts his Affidavit on the key point of Ottis Watson's authority to act as the agent of Westark and McIlroy for the procurement of a buyer for the Watson Shopping Center."

The affidavit, in support of the motion for summary judgment, is not in the record but in his complaint to vacate and set aside the summary judgment, Mr. Lee alleged that the false and misleading matter in Burgin's affidavit "consisted of Mr. Burgin's following assertions:

(a) That after July 31, 1967, the time of the transfer of title to the WATSON SHOPPING CENTER to WESTARK for liquidation, Westark had the sole

and exclusive right to deal in and sell the property involved except for the reservation in the Watsons of pending negotiations for sale of the Center to Benson Brothers of Texas.

(b) That Westark had never authorized Ottis Watson or anyone else, to list the property for sale with any real estate agent or broker.

(c) That Westark never contracted with Carl Lee or his broker associates for services in the sale of the Center.

(d) That the February 9, 1968, contract between Ottis Watson and Oklahoma Industrial Enterprises, Inc. was not presented to Westark and McIlroy until April 9, 1968, after Oklahoma Industrial Enterprises, Inc. had failed to secure a loan commitment and the proposed contract had expired by its own terms.

(e) That neither McIlroy nor Westark was ever advised of any contract by Ottis Watson with Carl Lee or any other broker and had no knowledge of the alleged agreement between Ottis Watson and Carl Lee concerning the Watson Shopping Center.

(f) That Westark has not ratified or in any way taken any acts or steps to ratify any agreement or contract that may exist, or be claimed to exist, between Ottis Watson and Carl Lee concerning the Watson Shopping Center."

Appellant Lee contends that the false and fraudulent nature of Burgin's affidavit was brought to light by his testimony in a separate subsequent chancery court trial in which Mr. Burgin was a defendant and testified in his own behalf. As an exhibit to his complaint, Mr. Lee filed excerpts from Burgin's chancery court testimony consisting of eight pages of questions and answers propounded to and answered by Mr. Burgin. We deem it unnecessary to reproduce the questions and answers in this opinion; we have compared them, however, with the alleged assertions in the affidavit and we are unable to find the conflict between the affidavit and the testimony complained of by the appellant.

The substance of Mr. Burgin's exhibited testimony in chancery court was to the effect that Mr. Watson, who apparently had built and was in the process of operating a shopping center, was deeply indebted to McIlroy Bank. In order to avoid a forced sale under foreclosure, he deeded the property to Westark Investment Company with a verbal understanding that in the event he could find a buyer or a bona fide lender whose qualifications and ability to purchase and pay for the property met with the approval of Mr. Burgin, the president of both McIlroy Bank and Westark, then Westark would deed the property back to Watson. Mr. Burgin then testified in chancery that Flewelling and Willingham of Oklahoma had made an offer to purchase the property and that he advised Mr. Watson that the offer looked bona fide. He said he advised Watson to police up the unfinished portion of the shopping center and that some cash downpayment should be obtained rather than the promise of $700,000 in cash upon closing the deal. Mr. Burgin then testified concerning a trip he made to Oklahoma and his further discussions with the prospective purchasers. At no place in the excerpts from Burgin's testimony in chancery court is real estate commission or Carl Lee mentioned, and at no place in his testimony does he discuss any authority given to, or retained by, Watson to make binding contracts for the employment of real estate agents or realtors, or for the payment of real estate commissions.

The appellant's complaint was based on Ark. Stat. Ann. § 29-506 (Repl. 1962) which provides as a fourth ground, that a judgment in the trial court may be vacated or modified "for fraud practiced by the successful party in the obtaining of the judgment or order." From the record before us we are unable to detect any basis at all for the alleged fraud practiced on the court in procuring the summary judgment. If the testimony of Mr. Burgin did conflict with the affidavit he made in support of the motion for summary judgment, and if the perjury was in the affidavit rather than in the testimony and amounted to fraud as alleged by the appellant, then we agree with the trial court that the fraud was clearly intrinsic and the matter set out in the affidavit could

have been controverted by counter-affidavit or deposition when the affidavit was made.

We have held that the fraud which entitles a party to impeach a judgment must be extrinsic of the matter tried in the cause and does not consist of false or fraudulent act or testimony, the truth of which was or might have been in issue before the court at the trial which resulted in the judgment assailed. *Parker v. Sims,* 185 Ark. 1111, 51 S. W. 2d 517; *Pattillo v. Toler,* 210 Ark. 231, 196 S. W. 2d 224; *Alexander v. Alexander,* 217 Ark. 230, 229 S. W. 2d 234. In supporting their motion for summary judgment, the burden was on the appellees to show that there was no justiciable issues to be tried and this they did, to the satisfaction of the trial court, by use of the affidavit mentioned herein.

Ark. Stat. Ann. § 29-211 (Supp. 1971) provides:

"The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

All that was required of the appellant to avoid the entry of summary judgment against him, was to show that there was a justiciable issue made up by the pleadings, and this the appellant failed to do or attempt to do.

As to appellant's second point, Ark. Stat. Ann. § 29-211 (g) (Repl. 1962) provides:

"Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the

other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party, or attorney may be adjudged guilty of contempt."

The argument presented by the appellant in support of this point merits little discussion for the reason that the words "should it appear to the satisfaction of the court" denote considerable discretion in the trial court, and there is no showing that the trial court abused its discretion in this case. Furthermore, there is no evidence in this case that the affidavit was made in bad faith or solely for the purpose of delay.

As to appellant's third point, we are of the opinion that the trial court did not err in sustaining the demurrer to the appellant's complaint to set aside the summary judgment, for the reason that the contents of the affidavit as alleged in the complaint, together with the contents of Mr. Burgin's subsequent testimony, as alleged in the complaint, simply do not conflict to the point of perjury and certainly do not conflict to the extent that one over the other could be branded as fraudulent. Consequently, we are of the opinion that for all practical purposes the complaint does not state a cause of action for the relief prayed, and that the trial court did not err in sustaining the demurrer.

The judgment is affirmed.

FOGLEMAN, J., not participating.