NUMBER 13-99-196-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN RE: ARTURO COBOS, JULIA COBOS

AND THE CITY OF EDINBURG

___________________________________________________________________



On Petition for Writ of Mandamus


___________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


 Relators Arturo and Julia Cobos and the City of Edinburg petition this Court for a writ of mandamus (1) compelling the
Honorable Rose Reyna, Judge of the 206th Judicial District Court of Hidalgo County, Texas, to dismiss the underlying
lawsuit for want of jurisdiction. Relators have properly certified that they have complied with Texas Rule of Appellate
Procedure 52.10(a). 

 On January 13, 1992, the real parties-in-interest filed a personal injury and wrongful death lawsuit against relators and ten
others in an action springing from an automobile accident in Edinburg, Texas. On July 25, 1997, Judge Evins signed an
agreed judgment memorializing a settlement reached between all plaintiffs and Alfonso and Maria Solis, two of the (then)
thirteen defendants. The judgment contained so-called "Mother Hubbard" language which provided: "Any and all relief
prayed for by any party to this suit and not specifically awarded is hereby in all things denied." On April 23, 1998, relators
filed a motion to dismiss the cause from the docket for want of jurisdiction on the basis that the July 25, 1997 judgment
was final and, further, that the trial court's plenary power had expired as had the applicable timetables for appeal. Judge
Reyna (2) disagreed and, almost a year later, denied the motion by written order dated April 12, 1999, and retained the case
on her docket.

 Relators request that this Court compel Judge Reyna to dismiss the lawsuit on the basis that she is without jurisdiction to
act, having entered a final judgment disposing of all issues and all parties almost two years ago. 

 The Texas Government Code authorizes this Court to issue writs of mandamus. Tex. Gov't Code Ann. § 22.221 (b)
(Vernon Supp. 1999). Mandamus is an extraordinary remedy available only in limited circumstances to correct a clear
abuse of discretion or the violation of a duty imposed by law when the Relator has no adequate remedy at law. Republican
Party of Tex. v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997); Walker v. Packer, 827 S.W.2d 833, 839-44 (Tex. 1992). A trial
court has no discretion to determine matters of law or to apply the law to the facts incorrectly. Mitchell Energy Corp. v.
Ashworth, 943 S.W.2d 436, 437 (Tex. 1997); Walker, 827 S.W.2d at 840. A relator complaining the trial court incorrectly
decided an issue of law must show the trial court failed to analyze or apply the law correctly because the trial court's
erroneous interpretation of the law constitutes a clear abuse of discretion. Huie v. DeShazo, 922 S.W.2d 920, 927 (Tex.
1996); Walker, 827 S.W.2d at 840. Mandamus is proper if the trial court's order is void. Dikeman v. Snell, 490 S.W.2d
183, 186-87 (Tex. 1973); see Richie v. Heard, 611 S.W.2d 419, 420 (Tex. 1981) (mandamus proper when trial court
retained jurisdiction following expiration of plenary power).

 Relators argue Mafridge v. Ross, 590 S.W.2d 866 (Tex. 1996), and Inglish v. Union State Bank, 945 S.W.2d 810 (Tex.
1997), compel the conclusion that the July 25 agreed order, because of its Mother Hubbard language, was final and
appealable as to all parties and issues. Following the expiration of the trial court's plenary power, the trial court lost
jurisdiction in this cause. The real parties-in-interest argue the July 25 judgment disposed only of the claims against
defendants Alfonso and Maria Solis as recited in paragraph one of that order. Citing the trial court's April 12, 1999 order
as proof the trial court did not intend to issue a final judgment as to all parties in this lawsuit, the real parties-in-interest
argue that applying Mafridge and Inglish to the case at hand elevates form over substance and would work an injustice.

 As Mafridge and Inglish make clear, the intent of the trial court is not the controlling consideration in determining whether
a judgment is final. Rather, we look to the four corners of the judgment. The rule, harsh as it is, remains: If a judgment
contains language purporting to grant or deny relief that disposes of all claims or parties, regardless of the intent of the
parties or the trial court, that judgment is final as to all claims and all parties. See Inglish, 945 S.W.2d at 811; Mafridge,
866 S.W.2d at 592. This case is not distinguishable from Inglish and Mafridge because it is based on a settlement
agreement rather than a trial on the merits. The supreme court based the rule on its practical application and effect:
"litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat
such a judgment as final for purposes of appeal." Inglish, 945 S.W.2d at 811 (quoting Mafridge, 866 S.W.2d at 592). The
July 25, 1997 judgment is a final judgment disposing of all parties and issues.

 The remedy to a carelessly worded judgment -- agreed, partial, or summary -- is simple: convince the trial court to modify
or withdraw the judgment while it retains the plenary power to do so or perfect a timely appeal of that judgment. Inglish,
945 S.W.2d at 811. Failure to notice the error in time does, indeed, have extreme consequences. We are bound, however,
by the law as set out in Mafridge and its progeny. Dura lex sed lex. (3)

 Relators are entitled to mandamus relief. The trial court has jurisdiction only to dismiss the cause, and we trust Judge
Reyna will do so timely. The writ will issue only if the cause is not dismissed. 



 ______________________________

 J. BONNER DORSEY,

 Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 27th day of May, 1999.

 

1. Relators incorrectly styled their petition as a request for a writ of prohibition. As writs of prohibition are proper only as
ancillary actions to protect an appellate court's jurisdiction which has otherwise been properly invoked, we will consider the
application as one for mandamus. See Texas Employers' Ins. Ass'n v. Kirby, 137 Tex. 106, 152 S.W.2d 1073, 1073
(1941); Cf. State Bar of Texas v. Jefferson, 942 S.W.2d 575, 576 (Tex. 1997). The irony is not lost on us that we must
ignore this error in form in order to consider this original proceeding in which Relators seek a "form over substance"
remedy. 

2. Judge Reyna replaced Judge Evins on the 206th District Court January 1, 1999. 

3. "The law is harsh, but it is the law."